**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HOWARD E. COSNER, JR.,

    Plaintiff,

v.    Case No. 6:13-cv-387-Orl-37KRS

SECRETARY, DEPARTMENT OF
VETERAN'S AFFAIRS;
COMMISSIONER, EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION; DIRECTOR, ORLANDO
VA MEDICAL CENTER; and
TERRY L. ZETTLEMOYER,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 31), filed August 9, 2013; and

2. Plaintiffs [sic] Amended Response to Defendants [sic] Motion to Dismiss, or, Alternatively, for Summary Judgment (Doc. 44), filed September 4, 2013.

Upon consideration, the Court finds that the motion is due to be granted.

**BACKGROUND**

From September 2003 until March 2008, Plaintiff worked for the Department of Veterans Affairs ("VA") as a dental laboratory technician at the Orlando VA Medical Center. (Doc. 29, ¶ 1.) In October 2006 and January 2007, Plaintiff filed two Equal Employment Opportunity ("EEO") complaints with the VA's Office of Resolution Management, alleging that he had been subjected to various acts of age discrimination

and retaliation, including a poor performance review and fitness evaluation, an unwarranted reprimand, and an unjustified suspension. (*See id.* ¶ 5; Doc. 31-1, pp. 1–13.) In March 2007, the VA consolidated Plaintiff's complaints for purposes of investigation. (Doc. 31-1, p. 15.) While the investigation proceeded, Plaintiff and the Medical Center engaged in settlement negotiations. (*See id.* at 26; Doc. 28, ¶¶ 5–6.)

On January 17, 2008, with negotiations still ongoing, the Medical Center sent Plaintiff a notice of proposed removal indicating that it planned to terminate Plaintiff's employment. (Doc. 28, ¶ 5.) Plaintiff appealed the proposed removal to the Merit Systems Protection Board ("MSPB"), but did not file a related EEO complaint. (*See* Doc. 31-1, pp. 20–23.)

In March 2008, the parties reached a settlement agreement resolving all of Plaintiff's claims. (*Id.* at 28–34.) The Medical Center agreed to compensate Plaintiff monetarily and to withdraw the pending removal action. (*Id.* at 28–29.) In exchange, Plaintiff agreed to dismiss his formal EEO complaints with prejudice, withdraw his MSPB appeal, resign, and forever refrain from seeking future employment with the Medical Center. (*Id.* at 29–30.) Pursuant to the agreement, Plaintiff notified the VA and the MSPB of the settlement and withdrew his claims. (*Id.* at 20–27.)

Beginning October 7, 2009, Plaintiff raised a series of challenges to the settlement agreement. First, Plaintiff filed a breach of contract claim with the VA, alleging that the Medical Center had used the threat of his proposed removal to coerce him into signing the agreement. (*Id.* at 36–40; Doc. 28, ¶ 8.) The VA dismissed the claim, finding that no breach occurred and that his claim was untimely. (Doc. 31-2, pp. 4–6.)

On March 30, 2010, Plaintiff filed another breach claim with the VA, alleging that

he had been contacted to interview for a position available at the Medical Center, which violated the employment restrictions in the settlement agreement. (*Id.* at 10–11; Doc. 28, ¶ 10.) The VA again determined that no breach occurred and that Plaintiff's claim was untimely. (Doc. 31-2, pp. 13–18.) This time, Plaintiff appealed the VA's determination to the EEOC's Office of Federal Operations, which affirmed the VA's decision. (*Id.* at 20–23.)

Plaintiff then solicited the help of Representative Suzanne Kosmas, who wrote to the VA on Plaintiff's behalf. (*See* Doc. 28, ¶¶ 15–17.) When a VA employee disclosed information related to Plaintiff's settlement agreement in response to the congressional inquiry, Plaintiff filed a third breach claim, alleging that the VA had violated the confidentiality provisions of the agreement. (*See id.* ¶ 16; Doc. 31-2, pp. 27–28.) Once more, the VA found that no breach had occurred. (Doc. 31-2, p. 31.) Plaintiff appealed this VA decision to the EEOC's Office of Federal Operations. (*See* Doc. 28, ¶¶ 16–17.) The EEOC affirmed the decision on February 3, 2012. (Doc. 31-2, pp. 34–37.) Plaintiff requested reconsideration. (Doc. 28, ¶ 18.) On December 6, 2012, the EEOC denied the request. (Doc. 31-2, pp. 38–39.) The denial, however, indicated that Plaintiff had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days" of the date that Plaintiff received the decision. (*Id.* at 39.)

On March 7, 2013, Plaintiff, proceeding *pro se*, filed this action against the VA, seeking: (1) rescission of the settlement agreement; (2) damages for the VA's alleged breach of the settlement agreement; and (3) damages for the acts of discrimination and retaliation originally alleged in the underlying EEO complaints.[1] (Doc. 29, ¶¶ 1–5.)

---

[1] Plaintiff initially brought additional claims against other named Defendants, but

3

Defendant moves to dismiss for lack of subject-matter jurisdiction. (Doc. 31.) Plaintiff opposes. (Doc. 37.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations and internal quotation marks omitted). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction, and a factual attack under that rule raises that challenge "irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In resolving a 12(b)(1) factual attack, a court is "free to independently weigh facts" and consider evidence outside of the pleadings, so long as its conclusions do not implicate the merits of the plaintiff's claims. *Id.* at 925. Courts are to presume that they lack subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations and internal quotation marks omitted).

## DISCUSSION

Defendant argues that the Court lacks subject-matter jurisdiction because Congress has not expressly waived sovereign immunity for contractual challenges to settlement agreements resolving Title VII claims. (Doc. 31, pp. 7–10.) The Court agrees.

The VA is an agency of the U.S. Government and cannot be sued absent a

---

has subsequently withdrawn those claims, leaving Eric Shinseki, in his official capacity as the Secretary of the VA, as the sole remaining Defendant. (Doc. 44, p. 2 ("Plaintiff does agree to withdraw the following Defendants from the Complaint: Chai Feldblum, Commissioner of the EEOC; Timothy Liezert, Director of the Orlando VA; and Terry Zettlemoyer. The sole Defendant that remains is, Eric Shinseki, Secretary of the VA.").)

Congressional waiver of sovereign immunity. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). Such a waiver "cannot be implied, but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Although Title VII expressly waives sovereign immunity for federal employees' claims of unlawful employment discrimination or retaliation, *see* 42 U.S.C. § 2000e-16(a), (c), that waiver does not extend to contractual challenges to a Title VII settlement agreement. *See Thompson v. McHugh*, 388 F. App'x 870, 872–73 (11th Cir. 2010). Accordingly, Title VII does not confer jurisdiction upon federal courts for federal employees' equitable rescission claims or their claims of noncompliance with settlement agreements. *See id.* at 873 ("Because [the plaintiff's] contract rescission claim is not a claim falling with[in] the scope of Title VII's waiver of sovereign immunity, Title VII does not provide a basis for exercising jurisdiction."); *see also Tayler v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013); *Munoz v. Mabus*, 630 F.3d 856, 861–63 (9th Cir. 2010) (determining that neither Title VII nor its implementing regulations confer jurisdiction upon federal courts for breach of contract claims).

This is not to say that employees are entirely without remedy for a government agency's breach of a Title VII settlement agreement. Title VII's implementing regulations permit employees to appeal "an agency's alleged noncompliance with a settlement agreement" to the EEOC. 29 C.F.R. § 1614.401(e). Employees alleging noncompliance, however, are limited to two exclusive remedies: specific performance of the settlement agreement or reinstatement of the underlying discrimination complaints. *See id.* § 1614.504(a). If an employee seeks reinstatement, the settlement agreement can be unraveled upon a finding of noncompliance, and the aggrieved employee is free to pursue

the underling discrimination or retaliation claims, which can be reviewed in federal court. *Taylor*, 703 F.3d at 335. If an employee seeks specific performance though, relief is limited to the EEOC's review and enforcement of the settlement agreement. *See Thompson*, 388 F. App'x at 873–74 (finding that § 1614.407 permits appeals to federal courts only for discrimination or retaliation claims otherwise authorized by Title VII, the ADEA, or the Rehabilitation Act).

Here, Plaintiff previously raised all of his discrimination and retaliation claims in his formal EEO complaints, which were dismissed pursuant to the terms of his settlement agreement with the Medical Center. (*See* Doc. 28, ¶¶ 5–6; Doc. 31-1, pp. 1–13, 29–30.) Plaintiff then filed three breach of contract claims with the VA. (*See* Doc. 28, ¶¶ 8, 10, 16; Doc. 31-2, pp. 4–6, 13–18, 27–31.) When the VA ruled against him each time, Plaintiff either declined to appeal or appealed to the EEOC and sought specific performance. (Doc. 31-2, p. 20 ("By letter to the Agency dated March 30, 2010, [Plaintiff] alleged that the Agency was in breach of the agreement and requested that the Agency specifically implement its terms."); *id.* at 34 ("By electronic message dated June 7, 2010, [Plaintiff] alleged that the Agency was in breach of the settlement agreement, and requested that the Agency specifically implement its terms.").) Plaintiff now seeks to revive in this action all of the breach of contract and rescission claims that he previously brought to the VA and seeks damages for the acts of discrimination and retaliation originally alleged in the EEO complaints. (*See* Doc. 29, ¶¶ 1–3, 6–24.) However, as discussed above, this Court lacks jurisdiction to hear contractual challenges to Title VII settlement agreements, and because Plaintiff previously dismissed his underlying discrimination and retaliation claims and declined to seek their reinstatement in his EEOC appeals, those claims cannot now

serve as a basis for subject-matter jurisdiction in this Court. *See Taylor*, 703 F.3d at 334 ("By entering the settlement agreement, [the plaintiff] withdrew his underlying complaint, which cannot then be the source of jurisdiction.")

Plaintiff alternatively argues that the EEOC's December 6, 2012 denial of his request for reconsideration confers subject-matter jurisdiction upon this Court because it indicated that he had the right to file a civil action in an appropriate U.S. district court within ninety days of his receipt of the decision. (Doc. 29, ¶ 2 (citing Doc. 31-2, p. 39).) The language to which Plaintiff refers is a boilerplate recitation of 29 C.F.R. § 1614.407(c), which, as stated above, permits a civil action only for claims of discrimination or retaliation; it does not "establish that the government has consented to be sued for claims to rescind Title VII settlement agreements." *Thompson*, 388 F. App'x at 873–74. Thus, the EEOC's denial letter does not confer subject-matter jurisdiction by triggering § 1614.407(c), and the EEOC cannot independently waive sovereign immunity. *See id.* at 874 (determining that a similar instruction in an EEOC denial letter did not confer subject-matter jurisdiction because "an agency's actions cannot waive sovereign immunity"). Therefore, in light of the foregoing, Plaintiff's Second Amended Complaint (Doc. 29) is due to be dismissed without prejudice for lack of subject-matter jurisdiction.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 31) is **GRANTED**.

2. Plaintiff's Second Amended Complaint (Doc. 29) is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate all other pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 11, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Party